IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEAN JEROME BERG, )
)
                Petitioner, )
)
v. )    Case No. 25-3177-JWL
)
Warden, FCI-Leavenworth, )
)
                Respondent. )
)
_____)

## **MEMORANDUM AND ORDER**

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges the calculation and application of credits against his sentence. For the reasons set forth below, the Court **dismisses** the petition for failure to exhaust administrative remedies.

Petitioner, who is imprisoned within this judicial district, is serving a 172-month sentence and has a projected release date of January 24, 2031. In his petition, petitioner claims that the Bureau of Prisons (BOP) has failed to calculate and apply credits earned under the First Step Act (FSA), with the result that his eventual transfer to prerelease custody has been delayed. Respondent filed an answer to the petition, but petitioner did not file a traverse or reply brief by the Court's ordered deadline of December 18, 2025.

The Court concludes that the petition is subject to dismissal because of a failure to exhaust. Petitioner was required to exhaust administrative remedies before seeking relief

from this Court. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ."). Petitioner concedes in his petition that he has not exhausted his administrative remedies (a fact confirmed by evidence submitted by respondent). Petitioner argues, however, that exhaustion would be futile because the BOP has adopted a uniform policy and practice of denying earned credits and transfer to prerelease custody.

It is true that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See id.* Petitioner has not shown such futility, however. *See Garner v. United States*, 2021 WL 3856618, at *2 (D. Kan. Aug. 30, 2021) (Lungstrum, J.) (futility exception applies only in extraordinary circumstances, and petitioner bears the burden to demonstrate futility of administrative review). He claims that "the BOP has established a systemic practice of denying earned time credits and prerelease placement," but his only case citation[1] does not support that claim. *See id.* at *3 (rejecting similar argument for futility) (citing, *inter alia*, *Garza*, 596 F.3d at 1204); *Roe v. Warden, FCI-Leavenworth*, 2025 WL 3652934, at *1 (D. Kan. Dec. 17, 2025) (Lungstrum, J.) (rejecting the same argument based on the same case citation). Thus, petitioner has not provided a basis for excusing his failure to exhaust in this case, and the Court therefore dismisses the petition on that basis.

---

[1] Petitioner cites a May 13, 2025, order filed in *Arellano v. Warden*, No. 25-751 (W.D. Tex.), but a review of that case's docket reveals that no substantive orders have been issued in that case, and the May 13, 2025, filing is merely a standing order referring the case to a magistrate judge.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **dismissed**.

IT IS SO ORDERED.

Dated this 14th day of January, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge